MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: DANIEL P. FILOR
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2726
Fax: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
BODEGA INVESTMENTS, LLC, A Delaware :
Limited Liability Company, By And Through :
LOUIS P. KREISBERG, Its Tax Matters Partner, :   08 Civ. 4065 (RMB) (MHD)
                                             :
               Plaintiff,                    :   **ANSWER OF THE UNITED**
                                             :   **STATES OF AMERICA**
      -against-                              :
                                             :    ECF Case
UNITED STATES OF AMERICA,                    :
                                             :
               Defendant.                    :
                                             :
------------------------------------------------------------------ x

      Defendant United States of America (the "United States"), on behalf of the Internal Revenue Service (the "IRS"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint on information and belief as follows:

### Preliminary Statement

      1.      States that paragraph 1 of the complaint contains plaintiff's characterization of this action to which no response is required. To the extent a response is required, denies the allegations in paragraph 1 of the complaint, except admits that Bodega Investments, LLC ("Bodega") reported over $28 million in losses in its 2001 federal tax return, and that in a Notice of Final Partnership Administrative Adjustment ("FPAA"), dated January 31, 2008, the IRS

made adjustments to Bodega's 2001 federal tax return disallowing Bodega's purported losses because, among other things, any purported transactions allegedly giving rise to the losses lacked "economic substance."

### Jurisdiction and Venue

2. States that paragraph 2 of the complaint contains plaintiff's statement of jurisdiction regarding this action to which no response is required. To the extent a response is required, denies the allegations in paragraph 2 of the complaint, except admits that the statutes cited in paragraph 2 of the complaint are the statutes governing the Court's jurisdiction over this action, and avers that Louis Kreisberg ("Kreisberg") tendered a check in the amount of $9,936,260.00 to the United States Treasury on or about April 25, 2008, which amount has not yet posted to the transcript of Kreisberg's IRS tax account. Further states that the Court lacks jurisdiction to order a refund within this proceeding and the Court lacks jurisdiction over plaintiff's claim concerning interest accruing on taxes under 26 U.S.C. § 6404(g).

3. States that paragraph 3 of the complaint consists of plaintiff's statement of venue regarding this action to which no response is required. To the extent a response is required, admits that the statute cited in paragraph 3 of the complaint is the statute governing venue over this action.

### The Parties and Others

4. Admits the allegations in paragraph 4 of the complaint, except denies the implied allegation that Bodega is a valid limited liability company for federal income tax purposes.

5. Denies the allegations in paragraph 5 of the complaint, except admits that Bodega purports to be a limited liability company organized in the State of Delaware and was given a taxpayer identification number of 94-3411847. Further denies the implied allegations that

Bodega is a valid limited liability company for federal income tax purposes and that the transactions were entered into for valid business or investment reasons.

6. Admits the allegations in paragraph 6 of the complaint, and avers that the check in the amount of $9,936,260.00 tendered to the United States Treasury on or about April 25, 2008, has not yet posted to the transcript of Kreisberg's IRS tax account.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint, except denies the implied allegations that Octavia Capital, LLC ("Octavia") is a valid limited liability company for federal income tax purposes and that the derivative trading transactions were entered into for valid business or investment reasons.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint, except denies the implied allegations that Lisburn Investments, LLC ("Lisburn") is a valid limited liability company for federal income tax purposes and that the derivative trading transactions were entered into for valid business or investment reasons.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint, except denies the implied allegation that Lisburn is a valid limited liability company for federal income tax purposes.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint, except denies the implied allegations that Kreisberg Investment Partners, LLC ("KIP") is a valid limited liability company for federal income tax purposes and that the transactions were entered into for valid business or investment reasons.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint, except admits that Kreisberg is an insurance professional.

### The Facts

**A.     Kreisberg.**

12.     Denies the allegations in paragraph 12 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12 of the complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint, except denies the implied allegations that KIP and Bodega are valid limited liability companies for federal income tax purposes and that the transactions were entered into for valid business or investment reasons.

**B.     The Subject Transactions.**

15.     Admits the allegations in paragraph 15 of the complaint, except denies the implied allegations that KIP is a valid limited liability company for federal income tax purposes and that the transactions were entered into for valid business or investment reasons.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint, except denies the implied allegations that KIP is a valid limited liability company for federal income tax purposes and that the transactions were entered into for valid business or investment reasons.

17.     Denies the allegations in paragraph 17 of the complaint.

18. Admits the allegations in paragraph 18 of the complaint, except denies the implied allegations that Octavia, Bodega, Lisburn and Bray Investments, LLC ("Bray") are valid limited liability companies for federal income tax purposes and that the transactions were entered into for valid business or investment reasons.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint, except denies the implied allegations that Octavia, Bodega, Lisburn and Bray are valid limited liability companies for federal income tax purposes and that the transactions were entered into for valid business or investment reasons.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint, except denies the implied allegations that Octavia, Bodega, Lisburn and Bray are valid limited liability companies for federal income tax purposes and that the transactions were entered into for valid business or investment reasons.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint, except denies the implied allegations that Octavia, Bodega, Lisburn, Bray and KIP are valid limited liability companies for federal income tax purposes and that the transactions were entered into for valid business or investment reasons.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint, except denies the implied allegations that Bray and Bodega are valid limited liability companies for federal income tax purposes and that the transactions were entered into for valid business or investment reasons.

23. Admits that Bodega reported a total net loss of $28,189,382.00 in 2001 and Kreisberg reported losses from Bodega in 2001. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the complaint, except

denies that Bodega filed its 2001 federal tax return prior to October 15, 2002, and denies the implied allegations that Bodega, Octavia and Lisburn are valid limited liability companies for federal income tax purposes and that the transactions were entered into for valid business or investment reasons.

**C.    The IRS's Proposed Adjustments.**

24.    Denies the allegations in paragraph 24 of the complaint, and avers that the IRS notified Kreisberg that the 2001 federal tax return had been selected for examination by letter dated June 15, 2004, that the IRS sent Kreisberg requests for documents relating to the examination, and that Kreisberg was interviewed by the IRS on September 25, 2007.

25.    States that the allegations in paragraph 25 of the complaint consist of characterizations of the FPAA document and respectfully refers the Court to the document itself for the content thereof, and to the extent that the allegations in paragraph 25 of the complaint consist of legal conclusions to be drawn from such document, no response is required, but to the extent a response is required, denies the allegations.

26.    Denies the allegations in paragraph 26 of the complaint, and avers that the IRS has not conducted an audit of Bodega's 2002 federal tax return.

27.    Denies the allegations in paragraph 27 of the complaint, except admits that the transactions identified in the FPAA are a sham.

**COUNT ONE**
**Claim For The Readjustment Of Partnership Items Under 26 U.S.C. § 6226(f)**
**(Disputing Adjustments Set Forth In The FPAA)**

28.    Repeats and incorporates paragraphs 1 through 27 of this answer.

29.    Denies the allegations in paragraph 29 of the complaint.

30.    Denies the allegations in paragraph 30 of the complaint

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the complaint, except denies the implied allegation that Bodega is a valid limited liability company for federal income tax purposes.

32. Denies the allegations in paragraph 32 of the complaint, and states that the Court lacks jurisdiction to order a refund within this proceeding.

**COUNT TWO**
**Claim For Determination As To Any Penalties The IRS Might Seek**
**To Impose Under 26 U.S.C. § 6226(c)**
**(As Described In The IRS's January 31, 2008 FPAA)**

33. Repeats and incorporates paragraphs 1 through 32 of this answer.

34. States that the allegations in paragraph 34 of the complaint consist of characterizations of the FPAA document and respectfully refers the Court to the document itself for the content thereof.

35. Denies the allegations in paragraph 35 of the complaint.

36. Denies the allegations in paragraph 36 of the complaint.

37. Denies the allegations in paragraph 37 of the complaint.

38. Denies the allegations in paragraph 38 of the complaint.

39. Denies the allegations in paragraph 39 of the complaint and states that the Court lacks jurisdiction to determine any partner level defenses of reasonable cause.

40. Denies the allegations in paragraph 40 of the complaint and states that the Court lacks jurisdiction to determine any partner level defenses of reasonable cause.

**COUNT THREE**
**Claim For Determination As To The Suspension of Interest And Penalties**
**Under 26 U.S.C. § 6404(g)**
**(Disputing The IRS's Right To Assess Certain Interest and Penalties)**

41. Repeats and incorporates paragraphs 1 through 40 of this answer.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the complaint, except admits that on or about October 14, 2002, Kreisberg filed a federal income tax return for the 2001 tax year.

43.     States that paragraph 43 of the complaint consists of legal conclusions to which no response is required, and further states that the Court lacks jurisdiction over plaintiff's claim concerning interest accruing on taxes under 26 U.S.C. § 6404(g).

44.     States that paragraph 44 of the complaint consists of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations in paragraph 44 of the complaint.  States that the Court lacks jurisdiction over plaintiff's claim concerning interest accruing on taxes under 26 U.S.C. § 6404(g).

45.     Denies the allegations in paragraph 45 of the complaint.  States that the Court lacks jurisdiction over plaintiff's claim concerning interest accruing on taxes under 26 U.S.C. § 6404(g).

46.     Neither admits nor denies the allegations in the paragraph beginning "Wherefore" on page 14 of the complaint because they constitute plaintiff's demand for judgment to which no response is required.  To the extent a response is deemed necessary, denies the allegations in the paragraph beginning "Wherefore" on page 14 of the complaint.

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of the complaint.

### SECOND DEFENSE

The Court lacks jurisdiction to order a refund within this proceeding and lacks jurisdiction over plaintiff's claim concerning interest accruing on taxes under 26 U.S.C. § 6404(g).

WHEREFORE the United States prays that this Court enter judgment in favor of defendant, and against plaintiff, determining that the adjustments to the 2001 partnership federal tax return of Bodega Investments, LLC made by the FPAA are correct, dismissing plaintiff's complaint and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 30, 2008

                MICHAEL J. GARCIA
                United States Attorney for the
                Southern District of New York
                Attorney for the United States

                /s/ Daniel P. Filor_____
By:    DANIEL P. FILOR
        Assistant United States Attorney
        86 Chambers Street
        New York, New York 10007
        Tel.: (212) 637-2726
        Fax:  (212) 637-2717

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: DANIEL P. FILOR
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2726
Fax: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
BODEGA INVESTMENTS, LLC, A Delaware      :
Limited Liability Company, By And Through :
LOUIS P. KREISBERG, Its Tax Matters Partner, :   08 Civ. 4065 (RMB) (MHD)
                                          :
          Plaintiff,                      :
                                          :
     -against-                            :   ECF Case
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
          Defendant.                      :
------------------------------------------------------------------ x

CERTIFICATE OF SERVICE

      I, DANIEL P. FILOR, an Assistant United States Attorney for the Southern District of New York, hereby certify that on July 30, 2008, I caused a copy of the Answer of the United States of America to be served by first class mail upon the following:

    Brian C. Wille, Esq.
    Kostelanetz & Fink, LLP
    7 World Trade Center
    New York, New York 10007
    *Counsel for Plaintiff*

                                                  /s/ Daniel P. Filor_____
                                                      DANIEL P. FILOR